IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
AUG 1 2017
Per_____
DEPUTY CLERK

VICTOR AVALOS-TRINIDAD, :
    Petitioner :
    v. : CIVIL NO. 3:CV-17-1308
WARDEN CRAIG A. LOWE, : (Judge Conaboy)
    Respondent :

---

VICTOR AVALOS-TRINIDAD, :
    Petitioner :
     : CIVIL NO. 3:CV-17-1332
    v. : (Judge Conaboy)
CRAIG LOWE, ET AL., :
    Respondents :

## MEMORANDUM
### Background

Victor Avalos-Trinidad, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) filed the initially captioned <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Prison, Lords Valley, Pennsylvania. The required filing fee has been paid. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition has not yet been ordered.

Petitioner, a native of Mexico, alleged that because there is

no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Demore v. Kim, 538 U.S. 510, 531 (2003) and Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015). As relief, he sought his release under an order of supervision or an individualized bond hearing

Shortly thereafter, Avalos-Trinidad filed a second counseled § 2241 petition with this Court. It names Warden Lowe and multiple federal officials as Respondents. Since the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden Lowe will be deemed the sole Respondent. See 28 U.S.C. § 2242.

The filing fee for the second action was also paid and it has not been served. Petitioner's second action similarly contends that his ongoing detention constitutes a due process violation under Demore, Chavez-Alvarez, and related decisions. For the reasons outlined below, this Court will direct that the petitions be consolidated and service of the consolidated petitions will be ordered.

### Discussion

Federal district courts only have jurisdiction in ICE cases where a detainee is seeking immediate release on bond pending removal on the grounds that his continued detention is

unconstitutional. See <u>Clarke v. Department of Homeland Security</u>, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of the above described habeas corpus petitions are similar. The first action was filed <u>pro se</u> while the second petition is counseled. As noted earlier, the arguments set forth in the respective petitions identically challenge the legality of Avalos-Trinidad's ongoing detention by ICE. Both actions claim that the Petitioner's continued detention violates due process under the standards announced by the United States Supreme Court in <u>Demore</u>, <u>Chavez-Alvarez</u>, and related decisions and as such fall within the limited jurisdiction afforded to the district courts in ICE cases.

Consequently, since the actions contain common factors of law and fact, this Court will order the consolidation of the two petitions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's counseled action, Civil Action No. 3:CV-17-1332. In addition, service of the consolidated

petitions will be ordered.  An appropriate Order will enter.

／s／ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 1st, 2017