IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR AVALOS-TRINIDAD, :
:
    Petitioner :
: CIVIL NO. 3:CV-17-1332
:
v. : (Judge Conaboy)
:
CRAIG LOWE, ET AL., :
:
    Respondents :

## MEMORANDUM
### Background

Victor Avalos-Trinidad, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) filed this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Prison, Lords Valley, Pennsylvania. An earlier, similar pro se petition by Avalos-trinidad was consolidated into this action. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Petitioner, a native of Mexico, alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Demore v. Kim, 538 U.S. 510, 531 (2003) and Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015). As relief, he sought his release under an order of supervision or an individualized bond hearing.

**Discussion**

On March 7, 2018, Respondent filed a "Suggestion of Mootness." Doc. 6, p. 1. The notice states that Petitioner was released from ICE custody under an order of supervision on December 22, 2017. See id. Attached to the notice is a copy of an order of supervision issued by an ICE Detention Officer directing that Petitioner be released. See Doc. 6-1. Accordingly, Respondent contends that since Petitioner is no longer in ICE custody, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Avalos-Trinidad sought either the scheduling of a bond hearing or his immediate release from ICE detention. Since Petitioner has been released ICE custody pursuant to an order of supervision, under the principles set forth in Steffel, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

*[signature]*
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 15th, 2018

FILED
SCRANTON

MAR 1 5 2018

Per _____
DEPUTY CLERK

3